UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TODD AUGUSTINE,<br><br>Plaintiff,<br><br>vs.<br><br>SAVANNAH PITCHFORD, Captain/Officer in Charge in her individual and official capacity; DARIN YOUNG, Chief Warden, in his individual and official capacity; JESSICA COOK, Facility Warden, in her individual and official capacity; JESSICA SCHREURS, Director of Nursing/RN, in her individual and official capacity; DERRICK BIEBER, Unit Manager, in his individual and official capacity; and MARY CARPENTER, Director of Prison Health Services, in her official capacity,<br><br>Defendants. | 4:20-CV-04072-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND 1915A SCREENING |

Plaintiff, Daniel Todd Augustine, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Augustine moves for leave to proceed in forma pauperis and included his prisoner trust account report. Dockets 3, 4.

## I.    Motion to Proceed Without Prepayment of Fees

Augustine reports average monthly deposits of $24.42 and an average monthly balance of $14.92. Docket 4. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma

pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Augustine's prisoner trust account, the court grants Augustine leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Augustine must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

2

> After payment of the initial partial filing fee, the prisoner shall be
> required to make monthly payments of 20 percent of the preceding
> month's income credited to the prisoner's account. The agency
> having custody of the prisoner shall forward payments from the
> prisoner's account to the clerk of the court each time the amount in
> the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Augustine's institution. Augustine remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.   1915A Screening

### A.   Factual Background

The facts alleged in Augustine's complaint are: that he acquired an open wound in the Jameson Prison Annex on January 23, 2020. Docket 1 at 6. He claims that he made several trips to health services but was denied proper treatment. *Id.* Augustine reported to "security staff, medical staff, unit staff, [and] prison administrator staff" that the condition of his open wound continued to worsen and "defendants made no reasonable effort to help[.]" *Id.* at 8. Augustine's wound became "MRSA infected" and he claims he was still not provided proper treatment. *Id.* at 6. Augustine was taken to the emergency room and went into "urgent surgery to stop the spread of the infection and to save [Augustine's] knee." *Id.* Augustine claims to have exhausted his administrative remedies and fears that "defendants will not provide adequate medical after-care or rehabilitation as means of retaliation." *Id.* He seeks

monetary relief in the amount of 10 million dollars and claims to have suffered physically and psychologically from the defendants' alleged actions. *Id.* at 6, 11.

**B.    Legal Standard**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007*)*; *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to

4

sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

## C.   Legal Analysis

### 1.   Official Capacity Claims

Augustine sues defendants, Savannah Pitchford, Darin Young, Jessica Cook, Jessica Schreurs, Derrick Bieber, and Mary Carpenter, in their official capacities. Docket 1 at 1-3.[1] All defendants are employed by the South Dakota Department of Corrections. *Id.* Augustine seeks relief through monetary damages totaling 10 million dollars. *Id.* at 11. He does not specifically request injunctive relief. *Id.*

The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim

---

[1] Augustine sues Pitchford, Young, Cook, Schreurs, and Bieber in their individual capacities. Docket 1 at 1-3. He does not sue Carpenter in her individual capacity but only in her official capacity. *Id.* at 2.

is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan,* 555 U.S. 223, 242-43 (2009).

Because the state of South Dakota has not waived its sovereign immunity, Augustine's claims against defendants, Pitchford, Young, Cook, Schreurs, Bieber, and Carpenter, in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).[2]

### 2.  Individual Capacity Claims

Augustine raises three claims of violations in his complaint (medical negligence, delayed treatment, and deliberate indifference) against Pitchford, Young, Cook, Schreurs, and Bieber in their individual capacities. Docket 1 at 6, 8, 10. "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.' " *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. More specifically, a prisoner must allege " '(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.' " *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

---

[2] Because Carpenter is only sued in her official capacity, she is dismissed as a defendant under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995)). To demonstrate deliberate indifference, " '[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.' " *Jolly,* 205 F.3d at 1096 (quoting *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995)). "Deliberate indifference may be manifested . . . by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Meloy v. Bachmeier,* 302 F.3d 845, 849 (8th Cir. 2002) (citing *Estelle,* 429 U.S. at 104-05).

Here, Augustine claims that defendants knew about his open wound because he reported the condition to health services and then reported the condition of the wound to defendants. Docket 1 at 8. He claims that he made "every possible effort" to inform the defendants about the condition of his wound but that "no meaningful attempt at assistance or treatment was provided until" he had to have urgent surgery to treat his infection. *Id.* at 10. Augustine has alleged sufficient facts for his Eighth Amendment claim against defendants to survive 28 U.S.C. § 1915A screening.

Thus, it is ORDERED:

1. That Augustine's motion to proceed without prepayment of fees
   (Docket 3) is granted.

2. That the institution having custody of Augustine is directed that
   whenever the amount in Augustine's trust account, exclusive of funds
   available to him in his frozen account, exceeds $10.00, monthly
   payments that equal 20 percent of the funds credited the preceding
   month to Augustine's trust account shall be forwarded to the U.S.
   District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the
   $350 filing fee is paid in full.

3. That claims against all defendants in their official capacities are
   dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. Augustine's Eighth Amendment claim against defendants Savannah
   Pitchford, Darin Young, Jessica Cook, Jessica Schreurs, and Derrick
   Bieber in their individual capacities survives 28 U.S.C. § 1915A
   review.

5. The Clerk shall send a blank summons form and Marshal Service
   Form (Form USM-285) to Augustine so that he may cause the
   complaint to be served upon the defendants.

6. Augustine shall complete and send the Clerk of Courts a separate
   summons and USM-285 forms for the defendants. Upon receipt of the
   completed summonses and USM-285 forms, the Clerk of Court will

issue the summons. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.

7. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon the defendants.

8. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

9. The clerk of the court is directed to send a copy of this order to the appropriate official at Wilson's institution.

10. Augustine will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated June 4, 2020.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE