UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL TODD AUGUSTINE,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JESSICA SCHREURS, Director of Nursing/RN, in her individual capacity,<br><br>　　　　　　　Defendant. | 4:20-CV-04072-KES<br><br><br>ORDER GRANTING DEFENDANT SCHREURS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Daniel Todd Augustine, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Augustine's claims against defendants in their official capacities were dismissed in this court's screening order. Docket 5 at 8. Defendants Darin Young, Jessica Cook, Savannah Pitchford and Derrick Bieber were granted summary judgment in their favor based on qualified immunity. Docket 43. Now, defendant Jessica Schreurs makes a renewed motion for summary judgment. Docket 49.

**I. Factual Background**

Viewing the evidence in the light most favorable to Augustine, as the non-moving party, the facts are:[1] The court incorporates by reference all the facts included in its earlier summary judgement order found at Docket 43. In

---

[1] Because Schreurs moves for summary judgment, the court recites the facts in the light most favorable to Augustine. Where the facts are disputed, both parties' averments are included. Under D.S.D. Civ. LR 56.1(D), "All material

addition to the earlier stated facts, Augustine did not dispute that Schreurs' name did not appear on Augustine's treatment records during the relevant time periods, that Schreurs had no personal involvement in changing Augustine's packing twice a day, that Schreurs was not involved in the day-to-day medical care afforded to Augustine, and that Augustine did not communicate with Schreurs or notify her in any manner that the iodoform strips had expired. Docket 57 ¶¶ 44, 46, 52, 53.

## II. Legal Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation omitted). The underlying substantive law

---

facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." Augustine did not object to Schreurs' Statement of Undisputed Material Facts in Support of Renewed Motion for Summary Judgment (Docket 57), so the court deems those statements to be admitted.

identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphasis omitted).

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved . . . in favor of either party." *Id.* at 250. Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such

3

pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). "[W]hen dealing with summary judgment procedures technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985).

### C. Legal Analysis

Schreurs asserts that she was not personally involved in the alleged constitutional violations. Docket 50 at 3. Augustine did not respond to Schreurs' renewed motion for summary judgment. The Eighth Circuit has recognized that

> [a] supervisor cannot be held liable for an employee's unconstitutional actions based on a theory of respondeat superior. Rather, a supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see.

*Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003) (second alteration in original) (citations and internal quotations omitted). "[A] supervisor can act with 'deliberate, reckless indifference' even when he does not act 'knowingly.' " *Kahle v. Leonard*, 477 F.3d 544, 551-52 (8th Cir. 2007) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)). A supervisor is only liable for an Eighth Amendment violation when she was "involved in the violation[.]" *Ottman*, 341 F.3d at 761.

The undisputed facts show that Schreurs' name did not appear on Augustine's treatment records during the relevant time periods, that Schreurs

4

had no personal involvement in changing Augustine's packing twice a day, that Schreurs was not involved in the day-to-day medical care afforded to Augustine, and that Augustine did not communicate with Schreurs or notify her in any manner that the iodoform strips had expired. Docket 57 ¶¶ 44, 46, 52, 53. Because Schreurs' only role was that of a supervisor and Augustine has presented no evidence to show that she was personally involved with or had knowledge of Augustine's alleged deficient care, Schreurs is entitled to summary judgment in her favor.

Thus, it is ORDERED:

1. That Defendant Schreurs' motion for summary judgment (Docket 49) is granted.

Dated December 28, 2021.

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE